**JACK WOOD CONSTRUCTION CO., INC., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF TRANSPORTATION and Rodney E. Slater, Secretary of Transportation, Defendants.**

**No. CIV.A. 97–1123(PLF).**

United States District Court, District of Columbia.

July 17, 1998.

Robert Alton Mangrum, Winston & Strawn, Washington, DC, for Plaintiff.

Madelyn Elise Johnson, Gregory William Addington, Eric Mark Jaffe, U.S. Attorney's Office, Washington, DC, for Defendants.

## OPINION

PAUL L. FRIEDMAN, District Judge.

Jack Wood Construction Company, Inc. brings this action under the Administrative Procedure Act to challenge the determination of the Department of Transportation affirming the decision of the Arkansas State Highway and Transportation Department ("AHTD") to deny certification to Jack Wood

as a Disadvantaged Business Enterprise ("DBE"). Plaintiff claims that the DOT's determination that Jack Wood no longer meets the criteria to continue to participate in the DBE program is arbitrary and capricious, an abuse of discretion or otherwise not in accordance with the law; it therefore requests that the Court set aside the decision and enter a declaratory judgment that the company retain its DBE certification.

## I. BACKGROUND

The Department of Transportation's Disadvantaged Business Enterprise program requires state and local recipients of DOT funds to prefer and assist companies owned and run by minorities or women in government contracts. *See* 49 C.F.R. Part 23. Anticipating that certain individuals might attempt to abuse the program, the DOT promulgated strict eligibility requirements for DBE certification. In particular, the eligibility requirements are meant to prevent businesses which facially appear to be owned and run by minorities or women but in fact are run by non-minority males from unfairly benefitting from the DBE program. *See* 49 C.F.R. § 23.53(a). State transportation agencies receive applications for the DBE program and grant or deny certification upon consideration of the requirements set forth in the regulations. 49 C.F.R. § 23.53(a). State decisions denying DBE certification may be appealed to DOT. *See* 49 C.F.R. § 23.55.

Jack Wood Construction Company is an asphalt paving, highway construction, railroad construction and maintenance and related contracting services firm located in Judsonia, Arkansas. The company was incorporated in 1964 by Jack and Marye Wood, who at the time were the sole shareholders, officers and directors; Mr. Wood was President and his wife was Secretary and Treasurer. In 1980, Mr. Wood transferred some of his shares in the company to his daughter, Martha Wood Tindell, which left Marye Wood as the majority shareholder and the company 72.3% owned by women. Mr. Wood died in 1987, leaving Ms. Wood and Ms. Tindell his 27.7% share in the company. As a result, women have owned 100%

of Jack Wood since 1987. Admin. Rec. at 13–14 (Nov. 3, 1995 letter of appeal from Robert A. Mangrum to Antonio J. Califa, DOT).

Since the company's inception, Marye Wood has been involved in all of the corporate decision-making, including bidding on jobs, marketing, hiring, financing and employee relations. Admin. Rec. at 40 (Nov. 1, 1995 Affidavit of Marye H. Wood). Until his death, Mr. Wood provided the technical expertise for bidding on contracts. Ms. Wood now relies on Mr. T.D. Casey, the company's Vice–President, who has substantial construction and engineering experience, for advice on the technical aspects of the bid preparation process. *Id.* Ms. Wood, however, has ultimate control over the amount of the final bid. Admin. Rec. at 41. Ms. Wood's daughter, Martha Wood Tindell, has no role in the management of the company. Admin. Rec. at 114, 161.

Jack Wood Construction first qualified for the Disadvantaged Business Enterprise program in October 1980 when Mr. Wood transferred some of his shares to his daughter. Admin. Rec. at 11. The company was eligible for certification because a majority of its shares were owned by women, even though Mr. Wood, President and chief estimator, foreman and job superintendent, provided the technical expertise. Admin. Rec. at 15. For the next fourteen years, the AHTD continued to certify the firm. Admin. Rec. at 16. In 1994, the Office of the Inspector General for AHTD conducted an on-site inspection of Jack Wood Construction and concluded that Marye Wood, by then President of the company, did not meet the federal certification standards for control and economic disadvantage. Admin. Rec. at 16, 65–68. On April 21, 1995, AHTD held a hearing on the matter so that Jack Wood Construction could rebut the OIG's report. The company presented witnesses and testimony from Ms. Wood, Mr. Casey and others closely involved with the firm. Following the hearing, the AHTD ruled that Jack Wood Construction was ineligible to participate in the DBE program because Marye Wood did not control the company as required by 49 C.F.R. § 23.53(a)(3) and (4). Admin. Rec.

at 116–17 (May 8, 1995 letter from Jane Wilson, AHTD, to Marye H. Wood). It determined that Mr. Casey, not Ms. Wood, controlled the major decisions of management, policy and operations, particularly in the bidding process. Admin. Rec. at 117. Jack Wood appealed the decision to AHTD on June 1, 1995, and AHTD affirmed its decision to deny certification on June 15, 1995. Admin. Rec. at 120.

On November 3, 1995, Jack Wood appealed the decision to the U.S. Department of Transportation pursuant to 49 C.F.R. § 23.55. DOT affirmed AHTD's decision, concluding that: (1) T.D. Casey was disproportionately responsible for the firm's operations, citing 49 C.F.R. § 23.53(a)(4), and (2) Marye Wood lacked the background and technical expertise to be able "to independently control the day-to-day operations of [the] business," as required by 49 C.F.R. § 23.53(a)(2) and (3).

## II. DISCUSSION

### A. APA Standard of Review

■ This Court may set aside DOT's decision to deny Jack Wood Construction DBE certification only if that decision was arbitrary and capricious, not in accordance with the law or unwarranted by the facts. 5 U.S.C. § 706(2)(A). This standard is highly deferential to the agency:

> [T]he Court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The Court is not empowered to substitute its judgment for that of the agency.

*Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); *see Motor Vehicle Manufacturers Ass'n v. State Farm Mutual Automobile Insurance Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983). "[T]here is a presumption in favor of the validity of administrative action," and courts are particularly deferential when an agency is interpreting its own statute or regulations. *Ethi-*

*con, Inc. v. FDA*, 762 F.Supp. 382, 386 (D.D.C.1991). The Court's "task is to determine 'whether the agency's decisionmaking was reasoned,' . . . i.e., whether it considered relevant factors and explained the facts and policy concerns on which it relied, and whether those facts have some basis in the record." *National Treasury Employees Union v. Horner*, 854 F.2d 490, 498 (D.C.Cir.1988) (quoting *American Horse Protection Ass'n, Inc. v. Lyng*, 812 F.2d 1, 5 (D.C.Cir.1987)).

Applying these standards, this Court concludes that the DOT's decision to affirm the denial of DBE certification to Jack Wood Construction Company was arbitrary and capricious and an abuse of discretion. The DOT decision therefore is vacated and set aside.

### B. Control Over Jack Wood Construction

■ . In deciding to revoke Jack Wood Construction's DBE status, DOT relied heavily on its conclusion that neither Ms. Wood nor her daughter are in "control" of the company pursuant to 49 C.F.R. § 23.53(a). DOT cited two reasons for this conclusion: (1) Mr. Casey was disproportionately responsible for the operations of the firm, and (2) Ms. Wood did not have sufficient technical expertise to control the day-to-day operations. Admin. Rec. at 2–3 (May 30, 1996 letter from Clement H. Monge, DOT, to Robert A. Mangrum). DOT based its decision in large part on 49 C.F.R. § 23.53(a)(4), which states:

> If the owners of the firm who are not minorities or women are disproportionately responsible for the operation of the firm, then the firm is not controlled by minorities or women and shall not be considered an MBE within the meaning of this part.

It was impermissible for DOT to rely on this regulation at all because Mr. Casey is not an "owner" of the firm. The two owners are Ms. Wood and Ms. Tindell, both of whom are women. Regardless of how much control or responsibility Mr. Casey may have, this particular regulation is not implicated and can form no part of the rationale for the decision because Mr. Casey is not an "owner" of the firm. Defendants effectively concede this point.

The Court therefore turns to DOT's second enumerated reason for denial, the inability of Ms. Wood to control day-to-day operations because of her limited technical expertise. That reason as stated in the denial letter reads as follows:

> The Department has consistently ruled that in order to be considered in control of a participating DBE firm the disadvantaged owner must have an overall understanding of, and managerial or technical competence and experience directly related to the type of business in which the business is engaged. The record evidence reveals that this business is engaged in asphalt paving and related contracting services. The record evidence clearly reveals that the disadvantaged owners do not possess the background and expertise to independently control the day-to-day operations of this business. While the Regulation does not require that the disadvantaged owner personally perform each and every function, it is required that they should be able to critically evaluate and independently utilize information supplied by his/her subordinates. This does not appear to be the case with the instant firm.

Admin. Rec. at 7. The question presented is whether the DOT acted arbitrarily and capriciously in denying DBE certification on this basis alone, *i.e.*, solely because Ms. Wood does not possess sufficient technical expertise in the asphalt paving industry. The Court concludes that the DOT decision was arbitrary and capricious because (1) the language of the denial letter is inconsistent with the evidence in the record and DOT policy and regulations, and (2) technical expertise alone is not a sufficient basis on which to determine who has control over the firm.

Historically, DOT has determined that in order to be considered in control of a participating DBE firm "the disadvantaged owner must have an overall understanding of, and managerial or technical competence and experience directly related to the type of business in which the business is engaged." Admin. Rec. at 7. DOT concluded that the women owners of Jack Wood Construction lacked the technical competence necessary to independently control the daily operations of the business. Inasmuch as no one has suggested that Ms. Tindell is involved in running the company, DOT's specific conclusion was that Marye Wood lacked the necessary technical expertise. *Id.* Although Ms. Wood is extensively involved in almost all aspects of the business, Mr. Casey provides the technical advice on bidding, contracting and estimates. Admin. Rec. at 41, 86. Consequently, the DOT concluded that Ms. Wood does not have the technical knowledge necessary to evaluate Mr. Casey's decisions and therefore does not have the requisite control over day-to-day activities. There are two problems with this analysis.

First, the DOT's decision is at odds with both the language in its own denial letter and its "consistent[ ]" policy and applicable regulations. *See* Admin. Rec. at 3. The letter of denial explicitly states that "the disadvantaged owner must have an overall understanding of, and managerial *or* technical competence and experience directly related to the type of business in which the business is engaged...." Admin. Rec. at 7 (emphasis added). According to the plain language of the letter, the owner must have *either* managerial *or* technical competence and experience in order to be considered to possess sufficient control; he or she is not required to have *both* managerial *and* technical competence and experience. While Ms. Wood may lack technical expertise, the record is replete with evidence demonstrating her managerial competence. As a result, she meets the test set forth in the letter and thus the historic position of the DOT.

It is undisputed that Ms. Wood has been involved in virtually all corporate decision-making for the past 30 years; she has been involved in decisions with regard to bidding, marketing, hiring, employee relations, financing and equipment purchases. Admin. Rec. at 40 (Marye H. Wood's Nov. 1, 1995 affidavit). In addition, the ultimate authority, control and decisions with respect to Jack Wood's bids—including decisions with respect to the particular jobs on which the company bids, the bid prices, the acquisition of equipment to perform the work, corporate strategies and direction of the company—all

rest with Ms. Wood. Admin. Rec. at 62 (T.D. Casey's Nov. 1, 1995 affidavit). The record contains substantial evidence of Ms. Wood's managerial capabilities which are beyond question. If the test for control is the one stated in DOT's letter, therefore, DOT's decision is arbitrary and capricious and inconsistent with both its own historic policy and its regulations. *See* 49 C.F.R. § 23.53(a)(3) ("The minority or women owners shall also possess the power to direct or cause the direction of the management and policies of the firm and to make the day-to-day as well as major decisions on matters of management, policy, and operations.").

Second, the Court rejects as wholly illogical the notion that technical expertise can be the sole factor in determining who "controls" a business enterprise. Lack of technical expertise has never been the only factor by which government agencies have determined that women or minorities were not in control of a business, and DOT's regulations do not suggest that it is. *See* 49 C.F.R. § 23.53(a)(3); Plaintiff's Reply at 5. The cases relied upon by the DOT which upheld DOT decisions denying DBE status are factually different from the present case. *See e.g., Car–Mar Construction Corp. v. Skinner*, 777 F.Supp. 50, 54 (D.D.C.1991) (lack of technical knowledge only one of three factors for denying a woman/owner DBE certification); *Air Design Systems, Inc. v. Card*, 1992 WL 373142 (N.D.Ill.) (decision that woman/owner did not have sufficient control "was based upon several factors," including lack of technical expertise); *Whitworth–Borta, Inc. v. Burnley*, 1988 WL 242625, *2 (W.D.Mich.) (minority owner's lack of engineering expertise "one [permissible] factor in determining the extent of actual control of an engineering consulting firm"). In each of those cases, either technical expertise was only one factor among several in measuring control or lack of control was one basis among many for denying DBE status.

Unlike the female owners in the above cases, Mr. and Ms. Wood did not structure their business so that Mr. Wood could provide the field knowledge while she remained nominally in control in order to obtain DBE status. Ms. Wood was always involved in running the company. After his death, she became President and assumed more respon-

sibility but has relied on an officer or employee having no ties to her family for technical expertise—as many company owners do. Indeed, many asphalt paving, road-building and other construction firms have engineers to handle technical aspects of bid preparation, but the owner, president or a senior executive makes the ultimate bid decisions; and such decisions involve much more than technical expertise. Basing a decision to deny Jack Wood Construction DBE status solely because Ms. Wood relies on Mr. Casey for technical advice is unreasonable—particularly in view of Ms. Wood's involvement in and responsibility for all aspects of corporate management and decision-making. Such a decision would imply that all owners of construction companies who bid on highway projects must not only have managerial capabilities but technical expertise as well, when, in reality, few owners or chief executive officers are the primary source of their companies' technical expertise.

Because the DOT misapplied 49 C.F.R. § 23.53(a)(4) to the facts of this case, thereby invalidating its primary reason for denial, and because the remaining reason for denial is insufficient by itself to uphold the decision in view of the applicable regulations and the record evidence, this Court concludes that the DOT's decision to affirm the denial of DBE certification was arbitrary and capricious and therefore must be vacated and set aside. *See Checkosky v. SEC*, 23 F.3d 452 (D.C.Cir.1994).